[*General Term, April*, 1872.]

## GAYLORD, SON & CO. *v.* THE CINCINNATI GERMAN BUILDING ASSOCIATION NO. 3 ET AL.

A mortgage of a lease for more than three years, executed according to the provisions of the act of February 22, 1831, entitled an act to provide for the proof, acknowledgment, and recording of deeds and other instruments of writing (S. & C. 458), may be properly recorded under section 7 of said act, and it is not necessary to file said mortgage with the chattel mortgages in order to give notice to third parties.

*J. R. Challen*, for plaintiffs.

*Gustav Tafel*, for defendants.

O'CONNOR, J. This is a proceeding in error to reverse a judgment at Special Term.

On January 10, 1870, Gaylord, Son & Co. recovered a judgment in this court against M. Imhoff & Co. for $1,048, and levied the same upon a leasehold in this city, which was originally for the term of fifteen years from December 1, 1866. The lease was duly recorded in lease book No. 31, page 459. Gaylord & Son purchased the leasehold at sheriff's sale, it having been advertised, and sold as a

chattel.   The proceeds of the sale were set off, in lieu of a homestead, under the exemption law, to the partners of M. Imhoff & Co., so that Gaylord & Co. derived nothing from the sale.

It further appears that on June 12, 1868, Michael Imhoff, George Pfluger, and Henry Steinigerwig executed a mortgage to this same German Building Association, upon this same leasehold, to secure the payment of $1,344, loaned by said building association to them, they being members of the association.

This mortgage was recorded among the real estate mortgages, and it is admitted that before Gaylord & Son had obtained their judgment and levy, it had not been placed on file among the chattel mortgages.

On February 17, 1870, after Gaylord & Son had purchased this leasehold at sheriff's sale, the German Building Association filed its petition against Imhoff, Pfluger, and Steinigerwig, to foreclose its mortgage, and making Gaylord, Son & Co. and others defendants.   Upon this petition the association obtained judgment, to reverse which this proceeding has been instituted.

Several questions which we deem unimportant, and in which we see no error, were raised in the case, but the only substantial question, as it appears to us, is whether a mortgage of a leasehold, such as this, ought to be filed among the chattel mortgages, or whether it is sufficient to have such mortgage recorded among the real estate mortgages.

It is claimed by plaintiffs in error, that all leases, except permanent leasehold estates, renewable for ever, are, in Ohio, mere chattels, and should be treated as such in all cases where the statute does not otherwise provide.

It is true that for some specified purposes leases in Ohio are treated as chattels by statute, as that they shall go to the administrator, etc.; but so also by statute all real estate mortgages go to the administrator.   The legislature has nowhere declared, however, that leases are chattels.   No

two classes of property can be more unlike than leaseholds and chattels. Chattels have size, shape, weight, color; and have either power of locomotion or are movable. Leaseholds are intangible, invisible, imponderable, immovable, and imperceptible to any one of our senses. They are like chattels in one thing only: neither of them is in law a freehold estate.

A leasehold, however, is an interest in real estate, and it frequently happens that the leasehold is far more valuable than the fee simple out of which it is created. By statute, S. & C. 458, "any deed, mortgage, *or other instrument of writing*, by which any land, tenement, or hereditament shall be conveyed, or otherwise *affected* or *incumbered* in law, such deed, mortgage, or other instrument of writing shall be signed and sealed by the grantor or grantors, maker or makers, and such signing and sealing shall be acknowledged by such grantor or maker in the presence of two witnesses, who shall attest such signing and sealing, and subscribe their names to such attestation, and such signing and sealing shall also be acknowledged" . . . before some proper officer, etc.

Section 8 of the same act provides for the recording of any such instrument, and the consequences in case this should not be done within six months; and section 9 of the same act limits the operation of the act to leases exceeding the term of three years.

*Leases*, then, by the statute, and also by the decision in *Atkinson's lessee* v. *Daily*, 2 Ohio, 212, and *Paine, Kendall & Co.* v. *Mason*, 7 Ohio St. 198, are included in the words "*other instruments of writing*," and by section 8 shall be recorded within six months, if for a term exceeding three years.

This is not denied by counsel for plaintiff in error; but he does deny that a mortgage of such lease is embraced in the words "other instruments of writing," and claims that such mortgage does not and can not affect or incumber any land, tenement, or hereditament, because there is no privity

between the lessor and mortgagee.  But while it may be true that there is no privity between the lessor and mortgagee of the lease, it certainly *is true* that the mortgage of the lease affects and incumbers the land as much as the lease itself does; for it equally deprives the owner of the land of its possession and enjoyment.  It could make no possible difference to one desiring to purchase the land, and who wanted immediate possession, that the owner of the land was unable to comply with his wishes, whether the lessee or mortgagee stood in his way.

It appears clear to us, then, that a mortgage of a lease as much affects and incumbers the land as the lease itself does, and that, therefore, the mortgage of a lease is " an instrument of writing " within the meaning of the statute referred to; and this lease and mortgage were executed according to the first section of said act.  Now, by section 7 of said act, S. & C. 465, " all mortgages executed agreeably to the provisions of this act shall be recorded in the office of the recorder of the county in which such mortgaged premises are situated, and shall take effect from the time when the same are recorded."  The mortgage of the lease in question was so recorded, and, in our judgment, the German Building Association strictly complied with all the necessary provisions of said act, and that they were not required to file said mortgage with the chattel mortgages.

We have been referred by both counsel to the case of *Paine, Kendall & Co.* v. *Mason,* 7 Ohio St. 198, and counsel on each side claims that this case bears in his favor.  We have carefully examined the case, and do not find that it passes on the question now before us.  It simply decides a question of priority of lien, and if it has any bearing whatever upon the present question, it looks toward the correctness of the conclusion we have come to.

We do not deem it necessary to examine the other questions raised in the case; it is sufficient to say that we find no error in the record, and that the judgment at Special Term is affirmed.